IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00931-RM-KMT

BEVERLY WOOD,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

    This matter was recently removed from the District Court, El Paso County, Colorado (the "El Paso Court"). Plaintiff obtained a default judgment before the El Paso Court, apparently because the Commissioner of Insurance failed to forward the summons and complaint to Defendant. After Defendant learned of the default judgment, Defendant filed a motion to vacate the judgment and motion to stay execution of the judgment (the "Pending Motions") under the Colorado Rules of Civil Procedure. Before the El Paso Court ruled on the Pending Motions, Defendant removed the action to this court based on diversity jurisdiction. After removal, Defendant refiled the Pending Motions under the Federal Rules of Civil Procedure. The Court finds no further briefing is required before ruling on the refiled Motion to Stay Execution of Judgment (ECF No. 20). *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

    Pursuant to Fed. R. Civ. P. 62(a), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise. The 30-day automatic stay of execution on the El Paso Court judgment expired before this action was removed to this

court. Nonetheless, pursuant to Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

Defendant asserts there are real and substantial issues concerning the default judgment obtained by Plaintiff and a stay is warranted. Upon review of the record, the Court agrees.[1]

The issue then is the amount of the bond. Defendant offers to provide a bond in the amount of the judgment, or such other amount as determined by the Court. A "bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006); *see also Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (recognizing district courts with inherent discretionary authority in setting amount of security). The record shows the El Paso Court judgment is in the amount of $260,177.50. (ECF No. 1-10.) The Court finds this amount to be appropriate.

Accordingly, it is **ORDERED**

(1) That Defendant's Motion to Stay Execution of Judgment (ECF No. 20) is
    GRANTED;

---

[1] The Court agrees there are substantial *issues*. The Court will address the *merits* of Defendant's Motion to Vacate (ECF No. 17) by separate order.

(2) That the request to stay the execution of the El Paso Court judgment is GRANTED upon the posting of a bond in the amount of $260,177.50 on or before **April 14, 2021**[2];

(3) That, in accordance with Fed. R. Civ. P. 62(b), the bond shall be effective upon the Court's approval and will remain in effect until a ruling is made on Defendant's Motion to Vacate (ECF No. 17) unless further extended by the Court; and

(4) That the automatic stay to enforce the judgment under Fed. R. Civ. P. 62(a) is extended to and including Wednesday, **April 14, 2021**.

DATED this 7th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[2] Defendant is reminded to review the protocols established in this District's General Orders and by the Clerk's Office in light of the COVID-19 pandemic.