IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00931-RM-KMT

BEVERLY WOOD,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER

This action involves an underinsured motorist dispute originally filed in state court. The matter is before the Court on Defendant Allstate Insurance Company's Motion to Vacate Default and Judgment Pursuant to Fed. R. Civ. P. 60(b)(1) and (6) and 55(c) ("Motion to Vacate") (ECF No. 17), to which Plaintiff has filed a response in opposition (ECF No. 24). Defendant has filed its reply. (ECF No. 27.) After reviewing the papers, including those filed before the El Paso County District Court prior to removal to this Court, and being otherwise fully advised, the Court finds and orders as follows.

    **I.**    **BACKGROUND**

On May 13, 2020, Plaintiff commenced this action in state court. Plaintiff served the summons and complaint on the Division of Insurance ("Division") but the Division never forwarded the documents to CT Corporation or Defendant. (ECF No. 12-7; No. 1-4.) Hence, Defendant did not know about or receive notice of the action.

Plaintiff, however, obtained a default and then default judgment against Defendant in

state court. Defendant ultimately learned of the default judgment on March 1, 2021, when Plaintiff asked Defendant to pay. (ECF No. 1-5.) Defendant promptly moved to vacate the judgment on March 9, 2021. Thereafter, Defendant removed the action to this Court and refiled the Motion to Vacate under the Federal Rules of Civil Procedure. And, after removal, the state court vacated the judgment. But, such vacatur is ineffective because the action is now before this Court.

## II.     DISCUSSION

District courts may set aside a default judgment under Fed. R. Civ. P. 55(c) and 60(b) after removal. *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007). Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The Court addresses both below.

In determining whether good cause has been shown, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Pinson v. Equifax Credit Info. Services, Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009); *Hunt v. Ford Motor Co.*, 1995 WL 523646, *3, 165 F.3d 178 (10th Cir. 1995) (unpublished table decision). The Court need not consider each one of these factors and may consider other factors in its discretion. *Hunt*, 1995 WL 523646, at *3.

The Court finds good cause exists for setting aside the default. The Court finds no culpable conduct on the part of Defendant or unreasonable delay. Nor will Plaintiff be unfairly prejudiced by setting aside the default – she will still have the opportunity to address the merits

of her case.[1] And, after considering the allegations and Defendant's defenses, including the alleged duty to cooperate with the investigation and provide medical records, the Court finds a sufficient showing of meritorious defenses.

As for setting aside a default judgment, under Rule 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:…(6) any other reason that justifies relief." "A district court has substantial discretion to grant relief as justice requires under Rule 60(b)." *Amoco Oil Co. v. U.S. E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000) (quotation marks and citation omitted). "But such relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (quotation marks and citation omitted). The Court finds exceptional circumstances in this case.

Here, the Division received service of process for Defendant on May 13, 2020 amidst the pandemic. Defendant represents – and Plaintiff does not dispute – that during the Division's closure as a result of COVID-19, the Colorado Attorney General's Office was accepting service for the Division. Somehow, the Division never transmitted the summons and complaint to Defendant or its agent CT Corporation. And, although Defendant was in contact with Plaintiff's counsel during this time period, such as asking for medical authorizations and inquiring about an update of Plaintiff's treatment status, Defendant still had no notice or knowledge that a lawsuit had been filed, default had been sought and entered, or default judgment had been sought and entered.

Defendant had no notice until Plaintiff sought payment for the default judgment. Once

---

[1] Defendant asserts that if Plaintiff needs an expedited trial date due to her age she may file a motion for preferential trial date pursuant to C.R.S. § 13-1-129. It is unclear to the Court, however, that this statute applies in federal court. Nonetheless, nothing precludes Plaintiff from moving for expedited case handling, if sufficient grounds exist.

Defendant was aware of what transpired, it acted promptly, conferred with Plaintiff, filed a motion to vacate, removed the action to this Court, refiled the Motion to Vacate under the federal rules, and submitted a proposed answer for the Court's consideration. On this record, the Court finds justice requires that relief be granted to Defendant. Therefore, the Court exercises its "grand reservoir of equitable power to do justice" in this case, *Johnson v. Spencer*, 950 F.3d 680, 700-01 (10th Cir. 2020) (quotation marks and citation omitted), and vacates the judgment.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the Motion to Vacate (ECF No. 17) is GRANTED and the judgment entered in the El Paso District Court (ECF No. 1-10) is hereby VACATED;

(2) That the Motion for Ruling (ECF No. 21) is DENIED AS MOOT;

(3) That the Surety Bond (ECF No. 25) is hereby RELEASED; and

(4) That, on or before April 22, 2021, Defendant may file their answer (ECF No. 17-4) as a separate docket entry.

DATED this 20th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge